■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MANNING, Appellant.—Judgment, Supreme Court, New York County, rendered on October 15, 1974, convicting defendant, upon his plea of guilty, of the crime of attempted possession of a weapon as a felony, reversed, on the law, and indictment dismissed. On this record we conclude that the arresting officers did not possess sufficient grounds to reasonably suspect that defendant was committing, had committed, or was about to commit a crime. *(People v Cantor,* 36 NY2d 106, 112; *People v Rivera,* 14 NY2d 441.) The testimony of the arresting officer given before the court at the hearing of the motion to suppress does not satisfy the well-settled requirements which would justify a policeman to stop a citizen who is walking along the street and to frisk him. In the minutes of the suppression hearing there is the following testimony which was offered in justification of the stopping of this defendant and his subsequent arrest: "The only reason we might have been following Mr. Manning is because we knew Mr. Manning at that point had a record and because we knew Mr. Manning was known to carry a gun." We find that this is the real reason why the police chose to stop the defendant and to frisk him. The alleged claim of the police that when about 50 feet away they saw the defendant hitch up his trousers is discounted by this court. It has the appearance of "having been patently tailored to nullify constitutional objections." *(People v Garafola,* 44 AD2d 86, 88.) The motion to suppress should have been granted. Concur—Stevens, P. J., Silverman and Capozzoli, JJ.; Kupferman and Nunez, JJ., dissent in the following memorandum by Kupferman, J.: A woman informed the police that the man with whom she was living had threatened her with a Luger pistol. When the police arrived, the alleged assailant, the defendant in this case, was not there, but he was later arrested outside the premises and no weapon discovered. The complainant refused to press charges. Three days later, two of the police officers who had arrested the defendant at the time, saw him on the street, and one of them noticed that when he looked in their direction, he moved his hand into his belt and appeared to push something

down the front of his trousers, and then closed his raincoat. At this point, the observing officer left his car and approached the defendant calling him by his name and then placed his hand on the area where the defendant had seemed to push something. The officer removed the Luger pistol which contained live rounds of ammunition. It is submitted that the police action and procedure was in every way proper. Having just recently been alerted to the fact that the defendant might be committing a crime by possession of a weapon, his movements gave them a reasonable basis for suspecting that he had the very gun which he had been previously accused of possessing. *(People v Valentine,* 17 NY2d 128.) The "stop and frisk" statute, CPL 140.50, applies. We should not lightly denigrate the testimony of the police officers as to their reasonable observations, and an experienced, responsible Judge at the suppression hearing having denied the motion to suppress, we should not capriciously substitute our judgment for his.