■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN R. MEDRANO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 2, 1976, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Under the circumstances of this case, the defendant is entitled to a new trial because of the trial court's refusal to charge manslaughter in the second degree as a lesser included offense (see *People v Murray,* 40 NY2d 327, 329–330, 335; *People v Tai,* 39 NY2d 894). Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT PARMITER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 15, 1975, convicting him of attempted possession of weapons, etc., as a felony, upon his plea of guilty, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress physical evidence. Judgment reversed, on the law and the facts, motion granted, and indictment dismissed. On the record before us, we conclude that the arresting officer did not possess sufficient grounds to reasonably suspect that the defendant was committing, had committed, or was about to commit a crime (see *People v Cantor,* 36 NY2d 106; *People v Rivera,* 14 NY2d 441). His testimony at the preliminary hearing did not satisfy the well-settled requirements which would justify a "seizure" in a public place (see *People v King,* 50 AD2d 521; *People v Graves,* 49 AD2d 844; *People v Lewis,* 49 AD2d 558; see, also, *People v Cantor, supra),* and the addition to that testimony at the suppression hearing of testimony to the effect that at one point defendant had "hitched up" his pants so as to reveal a portion of a gun butt, has all the indicia of having been patently tailored to overcome the defendant's objection (see *People v Garafolo,* 44 AD2d 86, 88; accord *People v Manning,* 51 AD2d 933; see, also, *People v McCormick,* 39 AD2d 590). As we stated in *Garafolo (supra,* p 88) "We refuse to credit testimony which has all the appearances of having been patently tailored to nullify constitutional objections." Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL PEREZ, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County, both rendered January 21, 1976, upon resentence, the first convicting him of attempted murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence (Indictment No. 243-75), and the second convicting him of attempted robbery in the first degree, upon a plea of guilty, and imposing sentence (consolidated Indictment No. 376-75). Judgments affirmed. Subdivision 4 of section 160.15 of the Penal Law is constitutional *(People v Felder,* 39 AD2d 373, affd 32 NY2d 747, app dsmd *sub nom. Felder v New York,* 414 US 948). There was ample evidence for the jury to conclude that the defendant's gun was operable. Furthermore, the court did not abuse its discretion in imposing sentence. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.