■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL QUINONES, Appellant.—Judgment of the Supreme Court, Bronx County, rendered June 10, 1976, convicting defendant on his plea of guilty to the crime of attempted possession of a controlled substance in the fifth degree unanimously reversed, on the law, motion to suppress granted, plea vacated, and the indictment dismissed. The People's case at the hearing consisted solely of one witness, Police Officer Smith, who testified as follows: At about 7:45 P.M., on January 9, 1975, while he was on duty in uniform in a patrol car with a fellow officer, he "received a radio run from central stating there were men with shotguns in the lobby of 1059 Boyton." The officers parked their vehicle near the premises and proceeded on foot. As they approached the building, Officer Smith saw defendant walking towards him from the vestibule and "throw something [a small cellophane bag later determined to contain narcotics] from his left hand to one side." He retrieved the bag and asked defendant about it. Defendant denied the bag belonged to him or that he had thrown it away. As Officer Smith was picking up the bag, other officers responding to the call arrived. To his best recollection, neither he, his partner nor any of the other officers had their guns drawn. After Officer Smith recovered the bag, he arrested defendant. No witness was called by defendant in his own behalf. "[T]hough a defendant who challenges the legality of a search and seizure has the burden of proving illegality, the People are nevertheless put to 'the burden of *going forward* to show the legality of the police conduct in the first instance *(People v. Malinsky,* 15 N Y 2d 86, 91, n. 2)' *(People v. Whitehurst,* 25 N Y 2d 389, 391 [emphasis in

original]). These considerations require that the People show that the search was made pursuant to a valid warrant, consent, incident to a lawful arrest or, in cases such as those here, that no search at all occurred because the evidence was dropped by the defendant in the presence of the police officer." *(People v Berrios,* 28 NY2d 361, 367–368.) Implicit in this concept is that the testimony offered by the People in first presenting their case must be credible *(People v Berrios, supra,* p 368). Although the issue of credibility is ordinarily for the trier of facts, the rule must give way where the testimony on appeal is viewed as incredible as a matter of law. First, it appears that the officer did not testify truthfully when he said he came to the scene in response to a radio communication. No tape of the communication could be located. Indeed, the District Attorney conceded there was "no record of this 'radio run' ". Second, the officer testified he was the first on the scene in response to the communication informing all listeners that "men with shotguns were in the lobby". Nevertheless, he did not have his weapon drawn when he approached the building nor to the best of his recollection did the other officers who allegedly arrived have their weapons drawn. In the face of this questionable prologue to arrest, the court is asked to accept the officer's testimony that defendant threw away narcotics in sight of the officer approaching him. Under the circumstances, credibility would be strained beyond the breaking point were we to accept this testimony as the threshold from which to conclude that there was an "abandonment" of narcotics by defendant. "Dropsy" cases have been criticized frequently as attempts to legitimize searches and seizures otherwise illegal. *(People v Berrios, supra,* dissenting opn of Fuld, J., pp 370–371.) "We refuse to credit testimony which has all appearances of having been patently tailored to nullify constitutional objections." *(People v Parmiter,* 55 AD2d 938; see, also, *People v Manning,* 51 AD2d 933; *People v Garofalo,* 44 AD2d 86, 88–89; *People v Pepitone,* 48 AD2d 135, affd 39 NY2d 907.) Hence, we reject the officer's testimony as a matter of law. Accordingly, having failed to submit credible evidence in the first instance to show that the police conduct was legal, the People have not sustained their initial evidentiary burden. Defendant's motion to suppress must, therefore, be granted, his plea of guilty vacated, and the indictment dismissed, Concur—Birns, Silverman, Evans and Fein, JJ.; Kupferman, J. P., concurs in the result.