■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMBROSE MOSES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 20, 1978, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty,

and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion granted, indictment dismissed, and case remitted to Criminal Term for the entry of an order in its discretion, pursuant to CPL 160.50. The evidence adduced at the suppression hearing indicates that the sole basis for the police "seizure" of defendant's vehicle was an alleged "radio run" or oral report to a police cruiser concerning a purported robbery. However, Officer Stanton, who was instructed to send the radio run by another officer, could not recall having done so. The defendant's subpoena seeking police department records of any radio run containing a description of his vehicle yielded nothing. Although the arresting officer testified that the radio report indicated defendant was armed, he did not approach defendant's vehicle with his gun drawn. Finally, the People did not attempt to bolster the existence of a radio run through identification testimony of defendant by the complaining witnesses. Although the ultimate burden of proof in a suppression hearing lies with the defendant, under these circumstances the People have the burden of going forward to demonstrate the legality of the police conduct in the first instance (see *People v Quinones,* 61 AD2d 765). We hold that the People have failed to sustain their initial evidentiary burden of coming forward with credible evidence of reasonable cause for stopping defendant. The judgment must be reversed, defendant's motion to suppress granted, and the indictment dismissed. Hopkins, J. P., Lazer, Cohalan, and Martuscello, JJ., concur.