■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BOYCE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 15, 1983, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Criminal Term acted properly in denying defendant's motion to withdraw his plea of guilty and in denying defense counsel's application, made during the sentence proceedings, to be relieved as counsel (*People v Matta,* 103 AD2d 756). Defendant's bald assertion that he was of the opinion that the victim was no longer willing to testify against him was insufficient to entitle him to withdraw his plea. Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 12, 1982, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and do not find that the arresting officer's testimony was either incredible as a matter of law or patently tailored to avoid constitutional objections (see *People v Berrios,* 28 NY2d 361; *People v Hardy,* 106 AD2d 403; *People v Parmiter,* 55 AD2d 938; *People v Garafolo,* 44 AD2d 86). The People have sustained their burden of going forward in the first instance and showing the legality of the police conduct. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.