■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL HAYES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered June 26, 1984, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing a sentence of 4½ to 9 years' imprisonment.

Judgment affirmed.

The People's witness's testimony was neither incredible as a matter of law nor patently tailored to avoid constitutional objections *(see, People v Berrios,* 28 NY2d 361; *People v Hardy,* 106 AD2d 403; *People v Parmiter,* 55 AD2d 938; *People v Garafolo,* 44 AD2d 86). Thus, the evidence presented at trial was legally sufficient to prove beyond a reasonable doubt that defendant was guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]).

The defendant also contends that the denial of his request for an adjournment to obtain the presence of a witness was an abuse of discretion. The record discloses that the defendant had more than sufficient time to serve the witness with a subpoena to ensure his presence at the trial.

Finally, we have considered defendant's assertions of impropriety in the prosecutor's summation and find that those claims of error were not preserved for appellate review, as no objections were taken thereto *(see,* CPL 470.05 [2]). In any event, the comments were a fair response to remarks made by defense counsel in summation *(see, People v Anthony,* 24 NY2d 696; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912; *People v Blackman,* 88 AD2d 620). Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.