■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR NUNEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lane, J.), rendered May 10, 1985, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the weapon.

Ordered that the judgment is reversed, on the law and the facts; and it is further,

Ordered that the branch of the defendant's omnibus motion which was sought to suppress the weapon is granted; and it is further,

Ordered that the defendant's plea is vacated and the indictment is dismissed; and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

We find that the testimony and evidence submitted at the suppression hearing does not support Criminal Term's finding that Officer Oakley had reasonable suspicion to stop and frisk the defendant. We specifically note that Oakley's initial testimony concerning a radio run reporting a past robbery upon which he stopped the defendant and his companion was contradicted, in substantial part, by a Sprint report of three radio transmissions which were purportedly broadcast concerning the robbery. We find Oakley's explanation of the discrepancies, namely, that his original testimony was "probably an error", insufficient in light of the discrepancies concerning the time of the robbery, and the description of the alleged perpetrators and the actual appearances of the defendant and his alleged companion, who were not seen in the immediate vicinity of the robbery. Under these circumstances, we cannot accept the testimony of the officer as being sufficient to support a finding that he had reasonable suspicion to stop and frisk the defendant (cf. People v Bezares, 103 AD2d 717). Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.