■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON VARGAS, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J., at suppression hearing, jury trial and sentence), rendered September 26, 1989, convicting defen-

dant of criminal possession of a controlled substance in the first degree, and criminally using drug paraphernalia in the second degree, and sentencing him to concurrent prison terms of 15 years to life, and 90 days, respectively, unanimously affirmed.

We reject defendant's argument that the testimony of the police officers at the suppression hearing is incredible as a matter of law. The People met their burden of showing the legality of the police conduct by offering evidence that the officers were lawfully in the hallway in an apartment building when they observed what they believed was contraband, in plain view, through an open apartment door. *(People v Quinones,* 61 AD2d 765.) Thus, their entry into the apartment in question, where they observed cocaine and drug paraphernalia in plain view, with defendant standing next to the contraband, was lawful. *(See, e.g., People v Jackson,* 41 NY2d 146.) The record reveals ample support for the hearing court's determination to deny suppression of the physical evidence and statements. *(See, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786.)

There was no basis for the trial court to *sua sponte,* order a competency hearing; defendant was aware of the nature of the charges and proceedings involved, was present throughout the trial, and testified in his own behalf. *(See,* CPL art 730; *People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932.)

Finally, although the trial court's charge with respect to possession could have been more precisely phrased, the charge, as a whole, conveyed the correct rule to apply in arriving at the verdict, and none of defendant's asserted charge imperfections were such as to warrant reversal of defendant's conviction *(see, People v Canty,* 60 NY2d 830), particularly where the alleged error was not preserved. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ.