*114 OPINION OF THE COURT
Per Curiam.
Order entered February 6, 1990, dismissing the misdemeanor information upon an undated order granting defendant’s motion to suppress evidence, reversed, on the law and the facts, the motion to suppress is denied, and the information is reinstated.
Defendant was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). At the Mapp hearing, the arresting officer testified that as defendant walked past the doorway of the building where the officer was stationed and observed the officer, defendant dropped an article to the ground, which, upon recovery, the officer recognized as four vials of crack cocaine. After the hearing, the Judicial Hearing Officer found the police officer’s testimony credible and concluded that there was probable cause to arrest defendant. Criminal Court, upon review of the hearing transcript, granted the suppression motion, stating, inter alla, that "this dropsy case cannot stand [because] the record reveals no reason why this defendant would drop the concealed vials upon seeing the officer”.
While the Criminal Court is required to independently review the report of the Hearing Officer (CPL 255.20 [4]), it is established that issues of credibility are primarily for a hearing court to resolve (People v McCormick, 162 AD2d 878; People v Prochilo, 41 NY2d 759). The uncontradicted testimony of the police officer, the sole witness at the hearing, was not incredible as a matter of law (cf., People v Quinones, 61 AD2d 765). Criminal Court was therefore not warranted in rejecting the Hearing Officer’s findings on credibility because of the court’s own general skepticism of so-called "dropsy” cases (see, People v Berrios, 28 NY2d 361, 368-369).
Accordingly, the motion to suppress is denied, the information is reinstated, and the matter is remanded to the Criminal Court for further proceedings.
Riccobono, J. P., Miller and McCooe, JJ., concur.