■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL CARMONA, Appellant. [649 NYS2d 432] —Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.,

at suppression hearing; Edward McLaughlin, J., at trial and sentence), rendered on October 11, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to an indeterminate term of 7 to 14 years, unanimously reversed, on the law and the facts and as a matter of discretion in the interest of justice, the motion to suppress physical evidence is granted and the indictment is dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

According to his testimony at defendant's suppression hearing, New York City Housing Authority Police Officer Kent Frezzell was on assignment with a Manhattan mobile tactical unit on the evening of May 5, 1994. The unit's duties were to "troubleshoot" in "heavy crime areas" within Manhattan housing projects; in pursuit of this mission, Frezzell, armed with binoculars, occupied an observation post atop a building "twenty or something" stories tall at 19th Street and Ninth Avenue. From this great height, and despite the sharp angle and growing darkness on the street below,[1] Frezzell purportedly observed a person dressed in a dark blue T-shirt and light blue jeans conduct two "hand-to-hand transactions" on Ninth Avenue over a two hour period. In the course of these transactions, currency was exchanged for "a small object". During the second transaction, at approximately 8:30 P.M., the buyer purportedly dropped that object, which Frezzell claims to have recognized, by storefront light, as a two-inch vial of the sort used to hold crack cocaine. Despite these observations, and despite the apparent lack of other drug traffic in this area, Officer Frezzell did not call upon fellow officers on the street below to arrest or even to identify the suspected seller. Instead, when the seller left the area at approximately 9:30 P.M., Frezzell went to dinner with his colleagues.

Returning from his meal at approximately 11:30 that evening, Frezzell observed defendant sitting with a group of persons in front of an apartment building on Ninth Avenue, across the street from the setting of the earlier drug sales. According to his later testimony, and despite the darkness, distance, and sharp vertical angle of his earlier observations,

---

1. Appellant has noted in his brief that the sun set at approximately 8:00 P.M. in New York City on May 5, 1994.

Frezzell instantly recognized the defendant as the person who had sold drugs earlier that evening. When the officer "approach[ed] the defendant to exercise [his] common-law right of inquiry", the defendant fled and, in the course of flight, discarded a brown paper bag, which Frezzell discovered to contain 13 vials of crack. Frezzell's partner then pursued and arrested the defendant, who was found to have retained several vials of crack and $48 in his possession. It appears that Frezzell made no other arrests on the evening of May 5.

While noting that Officer Frezzell "sounded a bit rehearsed" in his testimony, especially in his several references to the common law right of inquiry, the motion court denied defendant's motion to suppress the drugs and cash as the fruits of an improper search. For reasons that are not clear in the record, the court failed to set forth findings of fact and the grounds for its determination (see, CPL 710.60 [6]). Defendant was subsequently found guilty of criminal possession of a controlled substance in the third degree, was sentenced to a prison term of 7 to 14 years, and appealed.[2]

We reverse. It is well established that the People, faced with a constitutional challenge to a search and seizure, bear the burden of going forward with evidence to show the legality of the search in the first instance (see, People v Whitehurst, 25 NY2d 389, 391). The testimony offered by the People to meet this burden must be credible (People v Quinones, 61 AD2d 765, 766), and cannot be credited when it appears tailored to nullify constitutional objections (People v Garafolo, 44 AD2d 86, 88), or where such testimony is physically impossible, manifestly untrue, contrary to experience, or self-contradictory (see, People v Sioba, 187 AD2d 317, lv denied 81 NY2d 893). In this case, Officer Frezzell's identification through binoculars of a two-inch crack vial from an observation point at least 200 feet above the street in the dusk of a May evening, his inexplicable decision to take a dinner break instead of arresting a suspected drug seller leaving the area, his spontaneous postdinner identification of the defendant as a participant in drug sales viewed two hours earlier from a great distance and a steep vertical angle, and his well-rehearsed claim that he approached the defendant merely to exercise a common law right of inquiry, present a combination of circumstances that are so contrary to experience as to strain the officer's credibility beyond the breaking point (see, People v Quinones, 61 AD2d 765, 766,

---

2. In another matter, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to a term of 5 to 10 years, to run concurrent with the sentence imposed in the instant case.

*supra).* In our view, Officer Frezzell's testimony appears patently tailored to meet constitutional objections to what was, at the very least, inferior police work. Consequently, defendant's motion to suppress should be granted and the indictment dismissed. Concur—Murphy, P. J., Wallach, Kupferman, Williams and Mazzarelli, JJ.