■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERESA MEDINA and WILSON GUILLERMO, Respondents. [661 NYS2d 11] —Appeal by the People from an order of the Supreme Court, Queens County (Rutledge, J.), dated July 29, 1996, which granted those branches of the omnibus motions of the defendants Teresa Medina and Wilson Guillermo which were to suppress physical evidence and statements made by them to law enforcement authorities.

Ordered that the order is reversed, on the law, those branches of the omnibus motions of the defendants Teresa Medina and Wilson Guillermo which were to suppress physical evidence and statements made by them to law enforcement authorities are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The uncontradicted testimony of the police officer at the suppression hearing, that he observed a gun on the floor of the car next to the left front foot of the defendant Medina, was not " 'manifestly untrue, physically impossible, contrary to experience or self contradictory' " *(People v Garafolo,* 44 AD2d 86, 88). Despite the fact that the defendants failed to call any witnesses at the suppression hearing, the suppression court rejected the police officer's testimony and granted the defendants' motion to suppress physical evidence and their statements to the police based on (1) the "limited space" in the front of the car, the long tunic-like blouse worn by Medina which would "partially block the officer's vision", and the cluttered condition of the inside of the car, and (2) Medina's written statement to the police and her Grand Jury testimony.

The suppression court erred in granting the defendants' motions to suppress.

It is well settled that although factual findings by the hear-

ing court are to be accorded great weight, "plainly unjustified or clearly erroneous findings are not to be accepted" by an appellate court *(People v Tempton,* 192 AD2d 369, 370; *see also, People v Pilotti,* 127 AD2d 23, 29).

Initially, we note that no evidence was adduced at the suppression hearing concerning the dimensions of the car or the length of Medina's blouse. In addition, the police officer testified at the suppression hearing, without contradiction, that the gun was in plain view despite the cluttered condition inside the car. The suppression court's reliance on Medina's Grand Jury testimony and her written statement to the police was also misplaced. The issue of probable cause was not the focus of the Grand Jury's inquiry *(see, People v Johnson,* 148 AD2d 304). Moreover, since Medina did not testify at the suppression hearing, the suppression court had no opportunity to assess her demeanor and credibility *(see generally, People v Prochilo,* 41 NY2d 759, 761).

Since the People established probable cause and the defendants' subsequent statements were preceded, as correctly found by the suppression court, by the giving of *Miranda* rights and valid waivers, the defendants' motions to suppress physical evidence and their statements to the police must be denied. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.