■ In the Matter of JAY R., a Person Alleged to be a Juvenile Delinquent, Respondent. [688 NYS2d 127] —Order, Family Court, Bronx County (Stewart Weinstein, J.), entered on or about May 23, 1997, which, *inter alia,* granted respondent's motion to suppress testimony relating to the value of, and damage to, the stolen car, and dismissed the delinquency petition against him, unanimously reversed, on the law and in the exercise of discretion, without costs, the motion to suppress denied and the matter remanded for further proceedings.

The presentment agency filed a petition against respondent alleging that on December 5, 1996 respondent and two others were unlawfully in possession of a stolen 1986 Volkswagen Scirocco. A *Dunaway* hearing was held on respondent's motion to suppress. Police Officer Hernandez testified that he and his partner, Officer Russo, were on routine patrol when they observed a red 1986 Volkswagen with flashing lights, stalled 1½ car lengths before the traffic light on a one-way street,

near East 167 Street and Grandview Place.[1] Upon approaching the vehicle, and with the aid of a flashlight, Hernandez observed that the entire steering column had been ripped out, wires were hanging from the location where the radio should have been, there was no Vehicle Identification Number (VIN) and there were no keys in the ignition. Respondent, who was in the driver's seat, and his two companions, were arrested.

Russo did not testify at the hearing because he was on vacation. However, in his supporting deposition and testimony at a pre-petition detention hearing, Russo stated that he had observed respondent "driving" the vehicle. Family Court admitted the certified transcript of Russo's pre-petition hearing testimony into evidence at the hearing as "evidence in chief." Counsel for the presentment agency initially objected to its admission as impeachment evidence, and stated that respondent's counsel could call Russo as a witness when the latter returned from vacation in six days. The court responded that hearsay was admissible at suppression hearings, and that the evidence was not being admitted to impeach either of the officers, but simply as a statement Russo had made. Counsel for the presentment agency withdrew her objection.[2]

Based on the alleged inconsistency between the officers' accounts of their initial observations of respondent, Family Court held that the presentment agency had failed to meet its burden of establishing the lawfulness of respondent's arrest and granted the motion to suppress. The presentment agency informed the court that, in light of its suppression ruling, it could not proceed to a fact-finding hearing and it withdrew the petition.

We agree with the presentment agency that Russo's prior testimony and statements were improperly admitted under these circumstances. While the court correctly noted that hearsay is admissible at suppression hearings to establish any material fact (*People v Gonzalez*, 68 NY2d 950, 951; *People v McCreary*, 186 AD2d 1070, 1071, *lv denied* 80 NY2d 1028), it erred in admitting such evidence without affording the presentment agency an opportunity to cross-examine Russo on what he meant by "driving," or to otherwise clarify his prior statements.

---

**1.** A paralegal employed by the Legal Aid Society testified that Grandview Place was a two-way street, with stop lights rather than traffic lights at both ends.

**2.** Additionally, the court announced its belief that the presentment agency would not be entitled to an adjournment because Russo's vacation would not constitute "special circumstances" under Family Court Act § 340.1 (6).

It is clear that the prosecution has the burden of going forward to show the legality of the police conduct in the first instance (*People v Berrios*, 28 NY2d 361, 367; *People v Whitehurst*, 25 NY2d 389, 391), and that the testimony offered by the People to meet this burden must be credible (*People v Carmona*, 233 AD2d 142, 144; *People v Quinones*, 61 AD2d 765, 766). The presentment agency plainly fulfilled this burden by offering Hernandez's sworn testimony at the hearing. Hernandez presented a coherent narrative regarding his discovery of respondent and his compatriots in a vehicle which had obviously been stolen. Respondent himself concedes that Hernandez's testimony, if credited, provided the police with probable cause to arrest.

In making its suppression determination, however, the court placed undue weight on marginal conflicts raised by hearsay statements of a non-testifying officer, and insufficient weight on the sworn testimony before it. Notwithstanding the court's disclaimer, the evidence was plainly admitted as bearing on the issue of the credibility of the two police officers, and was done so without affording the presentment agency the opportunity to question Russo at the hearing.

Additionally, Russo's prior testimony was made in a pre-petition hearing, a proceeding with a distinctly different purpose and focus than a suppression hearing (*see, People v Medina*, 239 AD2d 608, *lv denied* 90 NY2d 941). It was unfair to compare the sworn testimony of Hernandez with the hearsay statements of Russo made in an entirely different context, and then to dispose of the motion on that basis. The officers may have been focusing on different aspects of the incident, or, as the presentment agency argues, Russo may have used the word "driving" simply to describe respondent sitting in the driver's seat of the vehicle on a public street. In any event, given the otherwise consistent narratives of the two officers, a strong possibility existed that the conflict in the testimony could be reconciled (*see, People v Tempton*, 192 AD2d 369, *lv denied* 82 NY2d 760). However, Family Court's ruling precluded that opportunity.

To be distinguished are those cases where the police testimony *at the suppression hearing itself* was so contradictory or incredible (*People v Bezares*, 103 AD2d 717; *People v Quinones*, 61 AD2d 765, *supra*), or where the *testifying* officer cannot satisfactorily explain a discrepancy with other evidence (*see, People v Nunez*, 126 AD2d 576). In such circumstances, where all the evidence relating to credibility is before it, a suppression court's determination that the prosecution's initial burden had not been met will be justified. That is not the case here.

Additionally, the presentment agency persuasively argues that the court should have found "special circumstances" for an adjournment (Family Ct Act § 340.1 [6]). While a prosecution witness's vacation generally will not constitute special circumstances (*Matter of Nakia L.*, 81 NY2d 898; *Matter of David C.*, 189 AD2d 553), a different situation existed here. Respondent had absconded from non-secure detention for three months, and was returned while Russo was on vacation. Then, after the presentment agency had satisfied its burden at the suppression hearing of demonstrating the legality of respondent's arrest, respondent's counsel challenged the credibility of the prosecution's case, relying on the hearsay statements of a non-testifying officer, instead of seeking to call Russo himself. Under these circumstances, the court would have been fully justified in finding special circumstances for a brief adjournment to hear Russo's live testimony (*see, Matter of Jamar A.*, 86 NY2d 387; *Matter of Carlos T.*, 187 AD2d 38; *cf., Matter of Nakia L.*, *supra*).

Accordingly, since Hernandez's testimony overwhelmingly established probable cause to arrest, and respondent elected not to seek an adjournment to call Russo as a witness for strategic reasons, we reverse and deny the motion to suppress. Respondent failed to meet his ultimate burden of establishing a violation of his rights (*People v Berrios*, *supra*, at 367). Although the presentment agency acquiesced or failed to object to Family Court's rulings, we review them in the exercise of discretion. Concur—Sullivan, J. P., Lerner, Mazzarelli and Saxe, JJ.