OPINION OF THE COURT
Per Curiam.
Order dated October 22, 2002 reversed, on the law and the facts, suppression motion denied and the matter remitted for further proceedings on the information.
The uncontradicted testimony of the arresting officer at the suppression hearing established that police, after observing a series of narcotics sales in front of a Bronx apartment building and receiving information that narcotics and weapons were being stored inside a specified second-floor apartment at that building, knocked on the door of the second-floor apartment and were allowed entry by defendant, who indicated that the apartment was hers. Once inside the apartment the arresting officer observed an individual (Fernandez) who fit the description given by the “ghost” officer of the seller in the recently observed street drug sales. The officer asked Fernandez to come downstairs and arrested him after the ghost officer made a confirmatory identification. The arresting officer and his partner then returned to the second-floor apartment, ostensibly to get pedigree information about the apartment occupants. While speaking with the defendant in the foyer of the apartment, the officer observed, among other items, the magazine of a handgun on the top shelf of a nearby open closet. A more thorough apartment search, authorized by defendant both orally and in writing, revealed several plastic bags containing crack cocaine.
The unrefuted police testimony outlined above, fully credited by the Judicial Hearing Officer who presided over the suppression hearing, was not “ ‘manifestly untrue, physically impossible, contrary to experience, or self-contradictory’ ” (People v Garafolo, 44 AD2d 86, 88 [1974]). There was thus no basis for Criminal Court to reject portions of the officer’s testimony as “not persuasive” upon its independent review of the cold record *50 (see People v Jones, 152 Misc 2d 113 [1992], lv dismissed 80 NY2d 833 [1992]). Issues of credibility are primarily for the trier of fact given “its peculiar advantages of having seen and heard the witnesses” (People v Prochilo, 41 NY2d 759, 761 [1977]), and its findings should be upheld unless clearly erroneous (id.; People v Brown, 234 AD2d 211 [1996], affd 91 NY2d 854 [1997]).
Crediting the officer’s plausible account of the events leading to defendant’s arrest, and giving proper effect to the written consent statement defendant signed after the search was concluded (see People v Williams, 278 AD2d 150, 151 [2000], lv denied 96 NY2d 764 [2001]), we find no basis to disturb the Hearing Officer’s determination that defendant voluntarily consented to the police entry into the apartment, both before and after Fernandez’s arrest. Notably absent from the hearing evidence is any indication that the police ever exerted pressure on defendant or otherwise forcibly gained admittance into the apartment (see People v Cesar, 111 AD2d 707, 711 [1985], appeal dismissed sub nom. People v Martinez, 67 NY2d 752 [1986]). To the extent that the record supports a finding that the police used a ruse in the form of a feigned pedigree inquiry to induce defendant to consent to their reentry into the apartment after Fernandez’s arrest, such deception was not “so fundamentally unfair as to constitute a denial of due process” (People v Tarsia, 50 NY2d 1, 11 [1980]; see People v Robinson, 8 AD3d 131 [2004]). Moreover, the police seizure of the contraband resting on the shelf of an open closet near the apartment entranceway was authorized under the plain view doctrine (see People v Cesar, 111 AD2d at 711-712), or so the Hearing Officer reasonably could find.
Defendant’s present argument that the police lacked a sufficient predicate for their initial investigatory inquiry at defendant’s apartment is unpreserved for appellate review (see People v Turriago, 90 NY2d 77, 83 [1997]). In any event, the information possessed by the police as a result of their own observations of the drug transactions in front of the building and the details furnished by several sources whose reliability was unchallenged by defendant below was “clearly sufficient to provide the officers with a proper basis for making inquiry” at defendant’s apartment (People v Cesar, 111 AD2d at 711, citing People v De Bour, 40 NY2d 210 [1976]).
McCooe, J.E, Davis and Gangel-Jacob, JJ., concur.