People v Maiwandi (2019 NY Slip Op 01618)





People v Maiwandi


2019 NY Slip Op 01618


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-08873
 (Ind. No. 10545/13)

[*1]The People of the State of New York, respondent,
v
Zabi Maiwandi, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgement of the Supreme Court, Queens County (Steven A. Knopf, J.), rendered September 8, 2015, convicting him of criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminally using drug paraphernalia in the second degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
On July 5, 2013, the defendant was arrested and, incident to his arrest, the police recovered various controlled substances from the defendant's motor vehicle. After the defendant was indicted, he moved, inter alia, to suppress all of the physical evidence recovered from his vehicle on the ground that the police lacked probable cause to arrest him.
At a pretrial suppression hearing, the People proffered the testimony of Detective Matthew Borden to establish that there was probable cause for the defendant's arrest. Borden testified that he was parked in his unmarked police vehicle, approximately 1½ car lengths in front of the defendant's vehicle, which was parked on the street in front of a car wash. The defendant was seated in the driver's seat and a woman was seated in the front passenger seat. Borden testified that, looking through his rearview mirror and the defendant's front windshield, he could view the defendant and the woman from the "middle of the stomach up." He further testified that he saw the defendant pass the woman an object that was white and rectangular with a "blue strip," that the package was eight inches long by two inches wide, and that based on the packaging, he believed the object was the prescription drug Suboxone. When asked how high the defendant held the object when he passed it to the woman, Borden testified, inter alia, "[e]nough for public view." Borden [*2]testified that he then radioed to Detectives George Katris and Joseph Oliverio, who approached the defendant's car, asked the occupants to exit, and arrested them. In contrast to Borden's testimony regarding the size of the object passed between the occupants of the car, Detective Katris testified, at the suppression hearing, that the Suboxone recovered upon the arrest of the front-seat passenger was two inches long and one inch wide.
The Supreme Court denied the defendant's motion to suppress the physical evidence recovered from the defendant's vehicle and, after a jury trial, he was convicted of criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminally using drug paraphernalia in the second degree, and unlawful possession of marihuana. The defendant appeals, and we reverse.
On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance (see People v Hernandez, 40 AD3d 777, 778). "A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence" (People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177). " The rule is that testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case'" (People v Garafolo, 44 AD2d 86, 88, quoting 22 NY Jur, Evidence § 649).
Under the circumstances of this case, we find that the People failed to establish the legality of the police conduct in the first instance, as Borden's testimony was incredible and patently tailored to meet constitutional objections. Borden's claim that he observed the alleged transaction through his rearview mirror with sufficient clarity to see that the object passed between the occupants of the car was Suboxone strains credulity and defies common sense (see People v Feingold, 106 AD2d 583, 584-585; People v Garafolo, 44 AD2d at 88-89; see also People v Carmona, 233 AD2d 142, 144). Rather, common experience dictates that the dashboard of the defendant's vehicle would have obscured Borden's view of a hand-to-hand transaction between the defendant and the front-seat passenger. Borden's testimony that the transaction occurred at a height sufficient for "public view" lacked credibility and suggested that his testimony was tailored to meet constitutional objections (see People v Lebron, 184 AD2d 784, 787 ["Where a testifying officer claims to have seen that which common sense dictates could not have been seen, courts have repeatedly deemed this testimony patently tailored to meet constitutional objections"]). Moreover, the difference in size between the eight-inch by two-inch object Borden claimed to have seen passed between the occupants of the vehicle, and the two-inch by one-inch object recovered by Katris, casts significant doubt on Borden's testimony that he recognized the object as Suboxone. Accordingly, exercising our independent power of factual review, we conclude that the defendant's motion to suppress the physical evidence recovered incident to his arrest should have been granted.
Without the suppressed evidence, there would not be legally sufficient evidence to prove the defendant's guilt. Accordingly, the indictment must be dismissed (see People v Jones, 164 AD3d 1363, 1367; People v Graham, 134 AD3d 1047, 1048).
In light of our determination, we need not reach the defendant's alternate contention that his attorney was ineffective for failing to move to reopen the suppression hearing in light of Borden's trial testimony, which differed from his suppression hearing testimony with regard to, inter alia, the angle at which he purportedly viewed the transaction, his purported viewing of the transaction through his rear window as opposed to using his rearview mirror, and the size of the object he observed the defendant pass to the woman in the front passenger seat.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court