People v Dancy (2025 NY Slip Op 00169)

People v Dancy

2025 NY Slip Op 00169

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Ind No. 1588/15 Appeal No. 3472 Case No. 2018-2059 

[*1]The People of the State of New York, Respondent,
v
Robert Dancy, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca J. Gannon of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered August 3, 2017, convicting defendant, following a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.
Defendant's argument that a police officer engaged in plainly incredible and tailored testimony when he testified that he could see from 10 to 15 feet that defendant was carrying an open alcoholic beverage is baseless (cf. People v Carmona, 233 AD2d 142 [1st Dept 1996]). In light of all the evidence, including evidence that defendant was amply illuminated by a streetlight located directly above him at the time the officer observed him drinking from the open container, the officer's claimed perception was not incredible nor patently tailored to meet constitutional objections (cf. id. at 144-145). Accordingly, we decline to disturb the trial court's credibility determination as to the officer's testimony (see People v Moore, 93 AD3d 519, 522 [1st Dept 2012], lv denied 19 NY3d 865 [2012]) and find that probable cause was established to justify the police conduct (see People v Bothwell, 261 AD2d 232, 233-235 [1st Dept 1999], lv denied 93 NY2d 1026 [1999]).
Additionally, the trial court properly concluded that, even if defendant had unequivocally invoked his right to silence more than six hours before his videotaped statement, the video statement was sufficiently attenuated from both defendant's purported invocation of his right to silence and from the statements that he made more than 13 hours earlier (see People v Rodriguez, 49 AD3d 431, 433 [1st Dept 2008], lv denied 10 NY3d 964 [2008]). Defendant made the video statement in a different location, in response to a different questioner, and after Miranda warnings were newly administered (see id.).
The evidence of defendant's guilt of second-degree weapon possession, which consisted of an officer's testimony that he saw defendant drop the gun, surveillance video which captured the incident, the presence of defendant's DNA on the gun, and a video confession by defendant, was plainly legally sufficient to prove defendant's guilt beyond a reasonable doubt, and indeed overwhelming (see People v Danielson, 9 NY3d 342, 349 [2007]; see also People v Delamota, 18 NY3d 107, 113 [2011]).
The court did not err in permitting the criminalist the People chose to testify as the People's DNA witness where the record showed that she used her own independent analysis in fulfilling her role (see People v Tsintzelis, 35 NY3d 925, 926 [2020]). In any event, any error is plainly harmless in light of the overwhelming evidence of guilt (see People v Easley, 38 NY3d 1010, 1011-1012 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025