■ The People of the State of New York, Respondent, v Baron Howell, Appellant. [769 NYS2d 233]—

Judgment, Supreme Court, Bronx County (William Mogulescu, J., at motion; Troy Webber, J., at jury trial and sentence), rendered April 6, 2000, convicting defendant of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (four counts), and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of six years to life, unanimously affirmed.

There was no violation of defendant's right to be present during jury selection. The record establishes that defendant waived his right to be present at all sidebar conferences (see People v Velasquez, 1 NY3d 44 [2003]), including the sidebar that immediately preceded the waiver, at which the court excused a prospective juror who had just stated in open court that he knew defendant. Moreover, the record also warrants the conclusion that, as a result of a disqualifying relationship with defendant (see CPL 270.20 [1] [c]; People v Branch, 46 NY2d 645 [1979]), the panelist was excused for cause by the court, so that defendant's absence would not require reversal in any event (People v Vargas, 88 NY2d 363, 378 [1996]).

The motion court properly denied, without a hearing, defendant's motion to suppress fruits of his allegedly unlawful arrest. In this undercover sale case, although defendant possessed sufficient factual information to prepare an adequate suppression motion, his claim of innocuous behavior at the time of his arrest, and his vague and generalized assertion that he "was never previously observed engaging in any illegal or suspicious activity," were insufficient to either deny participation in the underlying drug transaction or to allege some other basis for suppression (*see People v Jones*, 95 NY2d 721 [2001]; *compare People v Hightower*, 85 NY2d 988 [1995]). We note that after the People submitted an answering affirmation that set forth, in detail, the predicate for defendant's arrest, defendant did not reply, and the court expressly decided that there was no factual issue warranting a *Mapp/Dunaway* hearing.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.