■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE EDMONDS, Appellant. [772 NYS2d 814]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered June 27, 2001, convicting defendant, upon his plea

of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $5^{1}/_{2}$ to 11 years, unanimously affirmed.

The court properly denied defendant's suppression motion without a hearing. In response to defendant's allegation that he was lawfully minding his business and that his arrest "without a warrant" lacked probable cause, the People submitted proof that at the time of defendant's arrest there had existed an outstanding warrant for his arrest for violation of parole. Additionally, both the felony complaint and the voluntary disclosure form clearly stated that all the officers involved in the arrest were from the Warrant Section. In view of this information, defendant's failure to controvert that he was apprehended pursuant to the outstanding warrant resulted in a failure to allege a legal ground for suppression, or to raise a factual issue requiring a hearing (*see* CPL 710.60 [3]; *People v Mendoza*, 82 NY2d 415 [1993]; *People v Howell*, 2 AD3d 258 [2003]). Concur—Tom, J.P., Mazzarelli, Sullivan, Ellerin and Friedman, JJ.