Matter of M.A.R. (2007 NY Slip Op 27108)

Matter of M.A.R.

2007 NY Slip Op 27108 [15 Misc 3d 784]

March 15, 2007

Lawrence, J.

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 13, 2007

[*1]
In the Matter of M.A.R., a Person Alleged to be a Juvenile Delinquent, Respondent.
Family Court, Nassau County, March 15, 2007

APPEARANCES OF COUNSEL

Adam E. Small for respondent. Lorna B. Goodman, County Attorney (Joanne T. Curran of counsel), for presentment agency.

OPINION OF THE COURT

Richard S. Lawrence, J.
Respondent moves this court for a Mapp hearing (Mapp v Ohio, 367 US 643 [1961] to determine whether there was probable cause to conduct a search of the respondent; and the remedy sought is suppression of the physical evidence obtained. Respondent submits, in support, her attorney's affirmation which alleges that the basis for this motion is set forth in Criminal Procedure Law § 710.20.
The search at issue is one which occurred at the respondent's school, and which was conducted by school personnel, upon respondent's purse and book bag, which resulted in school personnel finding a certain prescription bottle of Vicodin, which allegedly was taken by the respondent, without permission, from her stepfather. Counsel concludes that respondent's motion should be granted "should the County Attorney fail to dispute the factual allegations herein," and respondent further refers to Criminal Procedure Law § 710.60.
The presentment agency opposes the motion, alleging that, as a necessary condition precedent, respondent must "affirmatively assert an expectation of privacy in the area searched." These opposing papers continue that since respondent has not asserted any possessory interest in the property recovered, and since she does not "address what specific property she is moving to suppress," then no factual issue has been created and the motion must be denied. The presentment agency continues that, where a school official is involved in a search, the standard is different than that if the police were involved.
Respondent's reply is that, under a recent Court of Appeals decision, the respondent need not affirmatively state that she had an expectation of privacy.
The respondent has been charged with the following acts, which, if she were 16 years of age, would be: criminal possession of stolen property in the fifth degree, section 165.40 of the Penal Law, an A misdemeanor;[*2] attempted criminal possession of stolen property in the fifth degree, sections 110.00 and 165.40 of the Penal Law, a B misdemeanor; petit larceny, section 155.25 of the Penal Law, an A misdemeanor; and attempted petit larceny, sections 110.00 and 155.25 of the Penal Law, a B misdemeanor.
Criminal Procedure Law § 710.60 (3) (b) states that "The court may summarily deny the motion if . . . [t]he sworn allegations of fact do not as a matter of law support the ground alleged; except that this paragraph does not apply where the motion is based upon the ground specified in subdivision three or six of section 710.20." In other words, an affidavit made upon personal knowledge by the respondent or the defendant need not be supplied with respect to a Wade (United States v Wade, 388 US 218 [1967]) or a Huntley (People v Huntley, 15 NY2d 72 [1965]) hearing, but must be supplied with respect to a Mapp hearing. See the leading case of People v Mendoza (82 NY2d 415 [1993]), which stands for the proposition that the trial court may deny the motion upon finding the moving papers defective or legally insufficient, even if the presentment agency has not raised that point.
It has been held that where the defendant requested a Mapp/Dunaway hearing, and the defendant simply claimed "innocuous behavior" at the time of his arrest, such allegation by the defendant himself was not sufficient for the trial court to grant his motion for a hearing. The trial court properly denied the motion without a hearing, finding that those allegations were totally insufficient to warrant a hearing. (People v Howell, 2 AD3d 258 [1st Dept 2003], lv denied 2 NY3d 800 [2004].)
A very similar case to People v Howell is People v Edmonds (5 AD3d 203 [1st Dept 2004], lv denied 2 NY3d 798 [2004]), in which the defendant apparently did submit his affidavit, but failed to controvert the allegations of the People. The Appellate Division affirmed the trial court in its denial of a hearing and its finding that defendant failed to allege a legal ground for suppression or to even raise a factual issue requiring a hearing.
Lastly, in the recent case of People v Burton (6 NY3d 584 [2006] [a case relied upon by respondent in the matter at bar, with [*3]respect to her argument that the school officials had no reasonable suspicion to search the respondent or her property]), it was held that the defendant would have standing only upon submission of an affidavit averring that the drugs involved were recovered from his person. The Court of Appeals, referring to Criminal Procedure Law § 710.60, stated that in such a motion to suppress, the allegations of fact may come from either the defendant or some other person or persons, but in any event those allegations must be presented to the court on the motion. In holding that the defendant's moving papers, together with the People's affidavit, were sufficient to show standing and to allow a hearing, the Court stated:
"Article 710 of the Criminal Procedure Law delineates the substantive and procedural rules that govern a motion to suppress evidence. As relevant to this case, a pretrial suppression motion 'must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds' (CPL 710.60 [1]). A trial court is required to grant a hearing if the defendant 'raise[s] a factual dispute on a material point which must be resolved before the court can decide the legal issue' of whether evidence was obtained in a constitutionally permissible manner (People v Gruden, 42 NY2d 214, 215 [1977]). Because hearings on suppression motions 'are not automatic or generally available for the asking by boilerplate allegations' (People v Mendoza, 82 NY2d 415, 422 [1993]), such a request may be summarily denied if the motion papers do not provide a sufficient legal basis for suppression (see CPL 710.60 [3] [a]) or where '[t]he sworn allegations of fact do not as a matter of law support the ground alleged' (CPL 710.60 [3] [b]).
"There is no legal basis for suppression and, hence, no need for a hearing, unless the accused alleges facts that, if true, demonstrate standing to challenge the search or seizure (see People v Rodriguez, 69 NY2d 159, 161 [1987]). Standing exists where a defendant was aggrieved by a search of a place or object in which he or she had a legitimate expectation of privacy (see People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]). This burden is satisfied if the accused subjectively manifested an expectation of privacy with respect to the location or item searched that society recognizes to be objectively reasonable under the circumstances (see id.)." (Burton at 587-588.)
In the matter at bar, neither party has submitted any affidavit in support of its position. The respondent attaches two statements, one of which is from the assistant principal of the school, which even the respondent admits "suggests that the Respondent voluntarily emptied her own purse and book bag." Glaringly lacking is any affidavit based upon personal knowledge, sufficient to raise any legal issue so that this court may find standing of the respondent with respect to the instant motion.
Accordingly, this court finds that respondent's instant motion does not show the necessary standing pursuant to Criminal Procedure Law §§ 710.20 and 710.60, in that the respondent has submitted no factual allegations, upon personal knowledge, sufficient to meet the standards set forth by the statutes. Therefore, this court need not address the question of the validity of the search by the school authorities.
The respondent's motion is denied in all respects.