■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JOYNER, Appellant. [848 NYS2d 146]—

Appeal from judgment, Supreme Court, New York County (Budd G. Goodman, J., at motion and plea; John Cataldo, J., at sentence), rendered August 18, 2005, convicting defendant of criminal sale of a controlled substance in the third degree, and

sentencing him, as a second felony offender, to a term of 3½ years, held in abeyance, and the matter remanded for a hearing on defendant's suppression motion.

The People disclosed that defendant was arrested five minutes after selling drugs to an undercover officer, that a witness confirmed his identity in a showup procedure, and that tangible evidence, including heroin and prerecorded buy money, were recovered from the defendant at the time of his arrest. In his moving papers, defendant denied participation in the transaction alleged in the indictment and asserted that he was in the area to visit a friend, that he was approached by a woman who asked to buy drugs, that he refused her overture, and that he walked away. Defendant's specific denial of participation in the drug transaction which was the basis for probable cause to arrest and search him, together with other factual allegations concerning his presence in the area and conduct prior to the arrest, was sufficient to warrant a hearing on his motion (*see People v Hightower*, 85 NY2d 988 [1995]; *People v Rivera*, 42 AD3d 160 [2007]; *People v Muhammed*, 290 AD2d 248 [2002]; compare *People v Howell*, 2 AD3d 258, 259 [2003], *lv denied* 2 NY3d 800 [2004]). Concur—Mazzarelli, J.P., Andrias, Buckley, Sweeny and McGuire, JJ.