People v Bennett (2018 NY Slip Op 00485)





People v Bennett


2018 NY Slip Op 00485


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5530 1084/12

[*1]The People of the State of New York, Respondent,
v
Rodney Bennett, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Kristina Schwarz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered October 2, 2012, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of six months, unanimously affirmed.
The court properly denied, without granting a hearing, defendant's motion to suppress the fruits of an allegedly unlawful arrest (see generally People v Mendoza, 82 NY2d 415 [1993]). The People provided defendant with detailed information about the undercover sale that formed the basis for his arrest. Defendant made, at most, a vague and conclusory denial of his involvement in the alleged sale, and the factual allegations supporting his motion did not address whether his innocent behavior occurred at the time of the crime or at the time of his subsequent arrest (see People v Howell, 2 AD3d 258, 259 [1st Dept 2003], lv denied 2 NY3d 800 [2004]; People v Hernandez, 283 AD2d 190 [1st Dept 2001], lv denied 97 NY2d 641 [2001]).
Defendant did not preserve his claim that he was entitled to a hearing on the suggestiveness of an identification made by an additional undercover officer who was not a party to the drug transaction, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits because the identification at issue (for which the People duly provided CPL 710.30(1][b] notice) was confirmatory under the principles set forth in People v Wharton (74 NY2d 921 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK