[848 NE2d 454, 815 NYS2d 7]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BURTON, Appellant.

Argued March 23, 2006; decided May 2, 2006

## POINTS OF COUNSEL

*Legal Aid Society, Criminal Appeals Bureau,* New York City (*Laura Boyd* and *Laura R. Johnson* of counsel), for appellant. The court erred in summarily denying appellant's motion to suppress the drugs where appellant, who was charged only with drug possession, alleged that he was walking alone on a street when, for no apparent lawful reason, the police stopped and searched him and, according to the officer, recovered crack cocaine from appellant's person. (*People v Mendoza,* 82 NY2d 415; *People v Brown,* 256 AD2d 42; *People v Coleman,* 82 NY2d 415; *People v Whitfield,* 81 NY2d 904; *Dunaway v New York,* 442 US 200; *Mapp v Ohio,* 367 US 643; *People v Gruden,* 42 NY2d 214; *People v Coleman,* 82 NY2d 415; *People v Sutton,* 91 AD2d 522; *People v Sierra,* 179 AD2d 601.)

*Robert M. Morgenthau, District Attorney,* New York City (*Karen Schlossberg* and *Sandra E. Cavazos* of counsel), for respondent. The court properly denied defendant's motion to suppress physical evidence without a hearing. (*People v Coleman,* 82 NY2d 415; *People v Ramirez-Portoreal,* 88 NY2d 99; *People v Brown,* 256 AD2d 42, 93 NY2d 871; *People v Reynolds,* 71 NY2d 552; *People v Gomez,* 67 NY2d 843; *People v Mendoza,* 82 NY2d 415; *People v Gruden,* 42 NY2d 214; *Rakas v Illinois,* 439 US 128; *United States v Salvucci,* 448 US 83; *People v Rodriguez,* 69 NY2d 159.)

**OPINION OF THE COURT**

GRAFFEO, J.

In this case, the People contend that defendant's motion to suppress physical evidence seized during a search of his person was properly denied without a hearing because he failed to proffer sufficient factual allegations demonstrating that he had standing to challenge the search. The People argue that defendant's motion was insufficient because he did not admit to possessing the drugs at the time of the search, instead relying on a police officer's assertion that narcotics were found in defendant's pocket. We hold that the statements in defendant's motion papers that he was stopped and searched by the police without legal justification, and that the police claimed to have discovered drugs on defendant during the search, were sufficient to satisfy the factual allegation requirement of CPL 710.60 (1) and thereby establish standing to seek suppression.

On the evening of January 16, 2001, a police officer approached defendant Thomas Burton on a Manhattan street. The officer proceeded to search him and, according to the felony complaint, discovered a plastic bag containing crack cocaine in a front pocket of the sweatpants defendant was wearing underneath his jeans. A grand jury subsequently returned an indictment charging him with one count of criminal possession of a controlled substance in the fourth degree.

In a motion seeking suppression of the drugs, defendant's attorney averred that defendant was walking alone on the street when he was stopped and searched "for no apparent lawful reason." Defense counsel noted that the police officer who searched defendant stated that "he recovered one bag containing crack/cocaine from the defendant's person." Counsel further alleged that "[n]o contraband was in plain view," defendant had not consented to the search, no warrant permitting the search had been issued, and the police officer did not have probable cause to instigate the search. The People opposed the application, arguing that defendant lacked standing to ask for suppression because he did not expressly acknowledge that he had, in fact, personally possessed the cocaine that was recovered from his person, and his reliance on the police officer's allegation in the felony complaint was inadequate to confer standing.

Supreme Court agreed with the People and denied the motion without a hearing. The court determined that defendant lacked standing to pursue suppression of the contraband in the absence of his personal affirmation that the drugs were recovered from

his person. Defendant later pleaded guilty to criminal possession of a controlled substance in the fourth degree and agreed to be sentenced as a second felony offender to a minimum indeterminate prison term of 3 to 6 years, with the understanding that if he complied with certain terms of the negotiated plea, he would be permitted to withdraw his plea in order to plead guilty to a lesser possession offense. Defendant, however, failed to abide by those requirements and was eventually sentenced to 3½ to 7 years of imprisonment.

Defendant appealed pursuant to CPL 710.70 (2), challenging the denial of his suppression application, and the Appellate Division affirmed, concluding that the motion was properly denied without a hearing because defendant failed to adequately allege standing to seek suppression. A Judge of this Court granted leave to appeal and we now reverse.

Article 710 of the Criminal Procedure Law delineates the substantive and procedural rules that govern a motion to suppress evidence. As relevant to this case, a pretrial suppression motion "must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds" (CPL 710.60 [1]). A trial court is required to grant a hearing if the defendant "raise[s] a factual dispute on a material point which must be resolved before the court can decide the legal issue" of whether evidence was obtained in a constitutionally permissible manner (*People v Gruden*, 42 NY2d 214, 215 [1977]). Because hearings on suppression motions "are not automatic or generally available for the asking by boilerplate allegations" (*People v Mendoza*, 82 NY2d 415, 422 [1993]), such a request may be summarily denied if the motion papers do not provide a sufficient legal basis for suppression (*see* CPL 710.60 [3] [a]) or where "[t]he sworn allegations of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]).[1]

There is no legal basis for suppression and, hence, no need for a hearing, unless the accused alleges facts that, if true, demonstrate standing to challenge the search or seizure (*see People v Rodriguez*, 69 NY2d 159, 161 [1987]). Standing exists where a defendant was aggrieved by a search of a place or object in which he or she had a legitimate expectation of privacy (*see People v*

---

1. The factual allegation requirement does not apply to motions to suppress allegedly involuntary statements made by a defendant or improper identifications (*see* CPL 710.60 [3] [b]; *People v Jones*, 95 NY2d 721, 725 n 2 [2001]).

*Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]). This burden is satisfied if the accused subjectively manifested an expectation of privacy with respect to the location or item searched that society recognizes to be objectively reasonable under the circumstances (*see id.*).

Defendant's motion papers, which averred that he was searched by a police officer without probable cause or other legal justification, adequately pleaded a legal basis for suppression as required by CPL 710.60 (1). Under the Fourth Amendment to the United States Constitution, individuals possess a legitimate expectation of privacy with regard to their persons (*see* US Const Amend IV ["(t)he right of the people to be secure in their persons . . . against unreasonable searches and seizures( ) shall not be violated"]; *People v Gonzalez*, 115 AD2d 73, 77 [1st Dept 1986], *affd* 68 NY2d 950 [1986]). Here, defendant undeniably had "a reasonable expectation of freedom from governmental intrusion" (*Mancusi v DeForte*, 392 US 364, 368 [1968]) in the place searched by the police—the pocket of his pants. He also subjectively manifested such an expectation since anything concealed in the pocket was in his sole possession and hidden from public view. Indeed, the People do not dispute that defendant had a protected privacy interest in the article of clothing that was searched. Instead, they argue that, because defendant did not specifically admit or acknowledge that he possessed the drugs, there were insufficient "sworn allegations of fact" to assert standing to challenge the legality of the police conduct and summary denial of his motion was therefore permitted under CPL 710.60 (3) (b).

This contention is inconsistent with the language of CPL 710.60 and our precedent. Subdivision (1) of the statute specifies that the allegations of fact in support of a motion to suppress may come from "the defendant or . . . *another person or persons*" (CPL 710.60 [1] [emphasis added]). Consistent with this text, we have repeatedly observed that, in assessing the adequacy of a motion to suppress tangible evidence, a defendant is entitled to rely on the People's proof to demonstrate standing (*see e.g. People v Ramirez-Portoreal*, 88 NY2d at 109; *People v Whitfield*, 81 NY2d 904, 906 [1993]; *People v Wesley*, 73 NY2d 351, 358 n 1 [1989]; *People v Gonzalez*, 68 NY2d at 951; *People v Gomez*, 67 NY2d 843, 844 [1986]). The necessary allegations of fact may be gleaned in part from statements made by law enforcement officials in an accusatory instrument (*see People v Gomez*, 67 NY2d at 844) or from testimonial statements elicited

by the prosecution (*see People v Gonzalez*, 68 NY2d at 951). Our decisions further point out that witnesses for the People—including police officers—are among the "[ ]other person[s]" (CPL 710.60 [1]) whose factual assertions may be used in a motion to suppress (*see People v Ramirez-Portoreal*, 88 NY2d at 105-106, 111-112; *People v Gonzalez*, 68 NY2d at 951). Based on this case law, defendant could meet his evidentiary burden by supplementing the averments made in his motion to dismiss with the police officer's statement that the drugs were recovered from defendant's person. Defendant was therefore not required to personally admit possession of the contraband in order to comply with the factual pleading requirement of CPL 710.60.[2]

Although defendant was allowed to utilize the People's evidence to satisfy this standing threshold, that proof alone was not enough to require a hearing because the accusation that contraband was recovered from defendant did not create an issue of fact as to whether the search and seizure were the result of a Fourth Amendment violation. Whether the remaining assertions in the motion papers gave rise to a factual question on the standing issue is answered by *People v Mendoza* (82 NY2d 415 [1993]). In that case, we contrasted two hypothetical street-crime situations that frequently lead to arrests—a buy-and-bust operation and a police seizure premised on the suspicious or unlawful behavior of a suspect. Despite identical statements by both defendants that they were standing on a public street doing nothing wrong at the time of the seizure and search, the allegations necessary to entitle each defendant to a hearing differed due to the particular factual circumstances surrounding the arrests.

In a buy-and-bust scenario, probable cause is generally based upon an accused's participation in a narcotics transaction. To raise an issue of fact that necessitates a hearing, a defendant has to "deny participating in the transaction or suggest some other grounds for suppression" (*id.* at 429). In the absence of such a denial, the motion court is left with the People's uncontested averment that the accused participated in the sale or purchase—which is sufficient on its face to provide probable cause justifying an arrest and ensuing search. In such cases,

---

2. [2] To the extent *People v Brown* (256 AD2d 42 [1st Dept 1998], *lv denied* 93 NY2d 871 [1999]) indicates that, notwithstanding the People's factual allegations, a defendant charged with possessing contraband on his person must admit that he did, in fact, possess the seized item in order to have standing to seek suppression, it should not be followed.

there may be no fact question pertaining to Fourth Amendment compliance that needs to be resolved by a hearing.

But where probable cause for a search is premised on the furtive behavior of a person, we have observed that an accused can "raise a factual issue simply by alleging that he or she was standing on the street doing nothing wrong when the police approached and searched" and discovered contraband in the process (*id.*). A claim of this nature questions whether police action was legally authorized at its inception, and in this situation a hearing is required to determine, as a factual matter, whether the defendant engaged in suspicious or unlawful conduct giving rise to probable cause justifying the search.

The facts of this case align with this latter example. Here, the police officer alleged that he approached and searched defendant, and that a quantity of cocaine was found in his pocket. Relying on the original accusatory instrument, defense counsel acknowledged that a search was conducted, and referenced the arresting police officer's statement that one bag of crack cocaine was recovered from defendant's person. Defense counsel also maintained that the search violated the Fourth Amendment because defendant had been standing on the street doing nothing suspicious or illegal when the police detained him and searched his person. The propriety of the search having been placed in dispute, a hearing was needed to determine what, if any, conduct by defendant precipitated the search and whether that conduct rose to a level that constitutionally justified the intrusion. On these facts, defendant's failure to specifically admit possession of the cocaine that was allegedly seized from his pocket was not fatal to his suppression claim and the motion should not have been summarily denied for lack of standing.

Furthermore, our conclusion does not alter the existing evidentiary requirements for suppression motions. We therefore reject the People's claim that a finding of standing on the facts presented in this case results in the resurrection of the "automatic standing" doctrine, which was abrogated by the Supreme Court in *United States v Salvucci* (448 US 83, 85 [1980]) and by this Court as a matter of state law in *People v Ponder* (54 NY2d 160, 165 [1981]).[3] As we now clarify, standing

___

3. One "narrow exception" to the abandonment of the automatic standing doctrine has been recognized "[i]n cases where a defendant is charged with possession of a gun based on the statutory presumption found in Penal Law § 265.15 (3), which attributes possession of a gun to the passengers in an

does not arise from a defense motion to suppress that merely states, as attested by police, that the arresting officer conducted a search of the accused's person and allegedly found narcotics in an article of clothing—this alone does not create an issue of fact as to whether a Fourth Amendment violation occurred. A defendant must additionally assert that the search was not legally justified and there must be sufficient factual allegations to support that contention (see CPL 710.60 [1]). Thus, a defendant's entitlement to seek suppression is not premised solely on the fact that he or she is charged with a possessory offense and, consequently, the automatic standing doctrine has no application in criminal prosecutions premised on the accused's personal possession of contraband.

Accordingly, the order of the Appellate Division should be reversed, the plea vacated and the case remitted to Supreme Court, New York County, for a suppression hearing.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order reversed, etc.

---

automobile simply by virtue of their presence in the car where the gun is found" (People v Wesley, 73 NY2d at 360; see People v Millan, 69 NY2d 514, 520 [1987]). We have held that a defendant in such a case "has a right to challenge the legality of the search regardless of whether he or she is otherwise able to assert a cognizable Fourth Amendment interest" (People v Wesley, 73 NY2d at 360).