[836 NYS2d 148]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AN-
THONY RIVERA, Appellant.

First Department, May 17, 2007

## APPEARANCES OF COUNSEL

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Risa Gerson* of counsel), and *O'Melveny & Myers LLP*, New York City (*Christine M. Riley* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Eric Rosen* and *Karen Schlossberg* of counsel), for respondent.

## OPINION OF THE COURT

ANDRIAS, J.

Because this case is factually indistinguishable from *People v Muhammed* (290 AD2d 248 [2002]), the court erred in denying defendant's motion to suppress evidence without affording him a hearing. Defendant's appeal should be held in abeyance and the matter remanded for a hearing on his motion.

It is now firmly established that it *is* unreasonable to construe the Criminal Procedure Law as requiring precise factual averments from the defendant where the defendant does not have access to or awareness of the facts necessary to support suppression (*see People v Mendoza*, 82 NY2d 415, 429 [1993]). Moreover, while technically not part of the test for determining the sufficiency of a defendant's factual allegations, given that CPL 710.60 (3) merely permits, but does not mandate summary denial, the interest of judicial economy militates in favor of the court's conducting a hearing on the suppression motion in the exercise of its discretion despite a perceived pleading deficiency (*Mendoza* at 429).

In *Muhammed*, the defendant was arrested after being observed selling drugs to a separately charged individual. "In his moving papers, defendant denied selling drugs immediately before his arrest or at any time that day, and stated that he had not committed any observable crime, that there were no drugs or other contraband in plain view, and that he was not engaged in any suspicious behavior" (290 AD2d at 248). This Court held the defendant's appeal in abeyance and remanded for a hearing on his motion to suppress evidence, finding that he had raised a factual issue.

Here, defendant was arrested and charged with possession with intent to sell and simple possession of controlled substances

by a member of a four-man undercover police team that was on patrol in a taxicab in the Chelsea section of Manhattan. The officers first observed defendant driving a car that they recognized from a prior narcotics surveillance. After following defendant until he parked, two of the officers got out of the cab to keep defendant under surveillance. Shortly thereafter, an unidentified woman came out of a nearby building and got into defendant's car. One of the officers observed defendant accept money from the woman in exchange for "a small object." After the woman got out of the car and reentered the building, the officer radioed his fellow officers, one of whom arrested defendant. A cellular phone and a notebook were found on the front passenger seat, and $429 in cash was seized from defendant's person. A subsequent search of the car uncovered certain illicit drugs in a small compartment next to the steering wheel.

Defendant made an omnibus pretrial motion, which included a request under CPL 710.20 to suppress "any physical evidence seized from the person of Defendant or an area under his dominion and control . . . or in the alternative, for a hearing at which the issues of such seizures may be litigated."

In denying the motion without a hearing, the court held that inasmuch as defendant referred only to what happened when he was stopped but did not "refer to the alleged exchange of an object for money, which initiated the events," he neglected to deny the predicate circumstances surrounding his arrest. However, defendant's moving papers did properly characterize the alleged basis for the search of his person and the car he was sitting in at the time of his arrest. As stated by defendant, "the police are alleging that they observed Mr. Rivera make a sale of drugs in his car to an unapprehended buyer." In response to such allegations, defendant "denie[d] participating in a drug transaction at any time on April 27, 2004," and that at the time he was stopped, he "was not acting suspiciously and was not observed engaging in any criminal conduct. Instead [he] was waiting for a friend with whom he had plans to go to a club; [he] had just picked up the car he was in from his friend."

On appeal, the People argue that such denial is nothing more than a legal conclusion and raises no factual issues concerning whether the police had probable cause to arrest him. Rather, they maintain, the probable cause for defendant's arrest

"arose from police observance of him in his car, minutes before his arrest, accepting money from an

unidentified woman in exchange for a small object. In other words, even if defendant's conclusory denials were accepted as true, the officers still had probable cause to arrest him. Simply put, defendant's denial that he participated in a drug sale on the day that he was arrested did not controvert the People's specific factual allegations—read aloud at arraignment—which provided the predicate for his arrest."

As recently reiterated by the Court of Appeals (*People v Burton,* 6 NY3d 584, 589-590 [2006]), in a buy-and-bust scenario similar to the facts in this case, except that the alleged buyer here was unapprehended and the observing officer was not a participant in the alleged transaction,

"probable cause is generally based upon an accused's participation in a narcotics transaction. To raise an issue of fact that necessitates a hearing, a defendant has to 'deny participating in the transaction or suggest some other grounds for suppression' [quoting *Mendoza,* 82 NY2d at 429]. In the absence of such a denial, the motion court is left with the People's uncontested averment that the accused participated in the sale or purchase—which is sufficient on its face to provide probable cause justifying an arrest and ensuing search. In such cases, there may be no fact question pertaining to Fourth Amendment compliance that needs to be resolved by a hearing."

However, defendant's denial that he was participating in a drug transaction, which alleged event was the only basis for the probable cause to arrest and search him and the car he was sitting in at the time, was clearly sufficient to warrant a hearing on his motion. The additional requirement urged by the People that defendant specifically deny, in detail, exchanging a small object for money is a standard not required by either statute or case law. Defendant is not required to personally admit possession of the contraband in order to comply with the factual pleading requirement of CPL 710.60 (1) and "seemingly barebones allegations may, in context, be sufficient to require a hearing" (*Mendoza,* 82 NY2d at 427).

Where, as here, probable cause is generated by a drug transaction, an allegation that defendant was merely sitting in the car at the time of his arrest does not frame a factual issue for the court's determination; "to do so defendant must additionally deny participating in the transaction or suggest some other

grounds for suppression" (*id.* at 428-429). That is exactly what defendant did in this case. His denial that he participated in the drug transaction alleged by the People as the only basis for probable cause to arrest and search him and the car he was sitting in, was sufficiently factual, in the context of the facts known to defendant at the time of his motion, to warrant a hearing, and was not the type of conclusory assertion found insufficient in *Mendoza* (*see id.* at 426-427).

There is also no merit to the People's present position that defendant's motion was limited to suppression of the cellular phone, notebook and cash seized, and that his motion regarding those items is moot because they were only indicia of possession with intent to sell, of which defendant was acquitted, not simple possession, the only crimes for which defendant was convicted. Although his moving papers only enumerated these items, defendant moved to suppress "any physical evidence seized from [his] person or an area under his dominion and control." Moreover, the People, in their opposition papers, argued that in addition to making no mention of the alleged exchange with the unapprehended woman, defendant also "fails to factually account for the notebook, money, and drugs which were seized from his person or in his immediate proximity, but requests that they all be suppressed." Thus, it is evident that the People understood defendant's motion was addressed to the lack of probable cause for his arrest, the search incidental to that arrest, and all the evidence seized from either his person or the car. Clearly, the issue of the court's denial of defendant's suppression motion without a hearing has not been rendered moot.

Accordingly, defendant's appeal from the judgment of Supreme Court, New York County (Carol Berkman, J.), rendered November 17, 2004, convicting him, after a jury trial, of criminal possession of a controlled substance in the fourth degree and three counts of criminal possession of a controlled substance in the seventh degree, should be held in abeyance and the matter remanded for a hearing on his motion to suppress physical evidence.

SULLIVAN, J. (dissenting). The sole issue that divides us is the trial court's denial of defendant's motion to suppress physical evidence without affording defendant a hearing, a ruling with which I agree.

After his arrest, defendant was charged in a felony complaint with one count each of criminal possession of a controlled substance in the third, fourth and seventh degrees.

The factual portion of the felony complaint alleged that the police observed defendant "exchange a small object with an unapprehended buyer for U.S. currency," and that cocaine and methylenemethamphetamine (known as MDMA or Ecstasy) were recovered from a "storage compartment in the dashboard of the car in which the defendant was seated." He was subsequently indicted for these crimes as well as criminal possession of a controlled substance in the fifth degree and an additional count of criminal possession of a controlled substance in the seventh degree.

At his arraignment in Supreme Court, defendant pleaded not guilty and the prosecutor served defense counsel with the indictment, the voluntary disclosure form (VDF) and predicate felony statement. The VDF informed defendant that the "occurrence" took place at 9:45 P.M. on April 27, 2004 in the vicinity of 525 West 23rd Street in Manhattan, with the arrest taking place two minutes later at the same location. It also stated that in a contemporaneous search, the police recovered U.S. currency, a notebook, cell phone, cocaine, MDMA and aprazalom from defendant. The VDF also gave defendant notice of his statement, made immediately after his arrest—that he had sold a woman a "couple of pills."[1] The court also read aloud the prosecutor's "case information sheet" stating:

> "AO [arresting officer] in plain clothes, unmarked car begins to follow the defendant when he recognizes the car the defendant is driving.

> "Arresting officer had arrested and forfeited the car at a prior arrest but apparently the car was returned to its owner.

> "The defendant drives to a high-rise apartment, makes a phone call, unapprehended buyer comes out, gets into the car, where AO, now on the street, sees the buyer exchange money for a small object.

> "The defendant had lights on inside the car, so AO could see everything clearly.

> "Buyer runs back into the building before field team blocks defendant in his parking space.

> "Opened dashboard compartment in defendant's

---

1. The People subsequently, before trial, withdrew the CPL 710.30 notice of this postarrest admission.

car contains ten bags of cocaine, Aprazalum (phonetic), and Ecstasy.

"Defendant had four hundred dollars plus on him and a ledger with addresses and phone numbers, including the address of the location where he was arrested."

In moving to suppress the currency, cell phone and notebook,[2] which, he claimed, were illegally seized, defendant asserted in his affirmation that "based on the limited information" in the VDF, indictment and felony complaint, the police are alleging that they "observed [defendant] make a sale of drugs in his car to an unapprehended buyer." Defendant denied participating in a drug transaction on the day of his arrest and alleged that at the "time [he] was stopped, he was not acting suspiciously" or "engaging in any criminal conduct." Rather, defendant claimed that he was waiting for a friend to go to a club and that he had "just picked up" the car he was in from his friend "Pete."

In opposing the motion, the prosecutor urged that suppression should be summarily denied because defendant failed to controvert the facts made available to him in the complaint, VDF and factual write-up, which the court read aloud and which provided the factual circumstances leading to defendant's arrest and search. Thus, defendant's allegations, even though coupled with blanket denials of guilt, were insufficient to warrant a hearing. The motion court agreed, noting that since defendant did not "refer to the alleged exchange of an object for money, which initiated the events," he failed to deny the underlying circumstances surrounding his arrest.

In holding that defendant's bare denial of any participation in the alleged sale was sufficiently factual to have warranted a hearing, the majority, citing this Court's decision in *People v Muhammed* (290 AD2d 248 [2002]), relies primarily on defendant's denial of having participated in a drug transaction at any time on the day in question. *Muhammed*, a one-paragraph decision, tells us virtually nothing that has any relationship to this case. It states that the People had disclosed merely that the defendant was arrested minutes after being observed selling drugs to another individual, separately charged. In his moving papers, the defendant denied selling drugs immediately before his arrest or at any time that day, and further stated that he had not

---

**2.** No one disputes that defendant's motion was targeted to all the physical evidence seized.

committed any observable crime. As he claimed, no drugs were in plain view and he was not engaged in any suspicious behavior. The Court held that on those allegations the defendant raised a factual issue warranting a hearing. That is hardly the case in the instant matter. And, it should be noted, the deficiency in defendant's motion papers has nothing to do with his lack of admission of possession of the seized evidence. Concededly, that is not required in the circumstances (*see People v Burton*, 6 NY3d 584, 588 [2006]).

It is well settled that a suppression hearing based on Fourth Amendment claims is neither "automatic" nor "generally available for the asking by boilerplate allegations" (*People v Mendoza*, 82 NY2d 415, 422 [1993]). A motion to suppress evidence must not only state the legal grounds for suppression but also set forth "sworn allegations of fact" supporting those grounds based upon the personal knowledge of the defendant or another person (CPL 710.60 [1]). The court may summarily deny a motion to suppress if a defendant fails to allege a proper legal basis for suppression or if the "sworn allegations of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]; *People v Jones*, 95 NY2d 721, 725 [2001]; *Mendoza*, 82 NY2d at 421). A hearing is not required unless defendant's papers "raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (*People v Gruden*, 42 NY2d 214, 215 [1977] [quoted as applicable to the statute at issue in *Burton* (6 NY3d at 587)]).

As the Court of Appeals instructs, in a buy-and-bust situation where probable cause turns on an accused's participation in a narcotics transaction, in order to raise an issue of fact justifying a hearing, a defendant must "deny participating in the transaction or suggest some other grounds for suppression" (*Burton* at 589, quoting *Mendoza*, 82 NY2d at 429). In determining whether a defendant has set forth sufficient factual allegations and in assessing the efficacy of his denial of activity constituting a basis for probable cause, a court must look to "(1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant's access to information" (*Mendoza* at 426). While it goes without saying that it would be unreasonable to require a defendant to assert "precise factual averments" in the absence of "access to or awareness of the facts necessary to support suppression" (*id.* at 429; *see People v Vasquez*, 200 AD2d 344, 347 [1994], *lv denied* 84 NY2d 873 [1994]), courts should look to "the extent to which the defen-

dant has been afforded access to such information as would enable him to set forth an optimally detailed factual predicate for suppression (*id.* at 347, citing *Mendoza,* 82 NY2d at 422). Thus, although facially sufficient, a defendant's factual allegations may be inadequate "when read in the context of the case," including "information staking out the People's position with respect to the circumstances of a search or arrest" (*Mendoza* at 427, 428). Such information includes the VDF (*id.* at 428) as well as the factual allegations made at the arraignment proceedings and those asserted in the felony complaint and indictment (*People v Roberts,* 23 AD3d 245 [2005], *lv denied* 6 NY3d 817 [2006]). Thus, defendant's allegations must take issue with the facts upon which the prosecutor relies.

With these principles as a guide, it is clear that defendant's allegations fail to meet the threshold for creating a factual controversy. Aside from his bare denial of any involvement in drug activity, a fact otherwise implicitly established by his plea of not guilty, defendant asserts only that he was not acting suspiciously and that he was waiting for his friend in a car borrowed from another friend. Defendant makes no reference to the detailed underlying factual allegations read aloud at his arraignment; he fails to controvert the allegations that an unidentified woman got into his car, that he gave her a small object in exchange for money; that the woman, after exiting defendant's car, ran back to the building and that, after his arrest, a large quantity of cocaine, aprazalom and Ecstasy was found in plain view in his car. Even after the prosecutor noted defendant's failure to deny the facts made available to him, he failed to respond in a reply. In fact, as the motion court noted in summarily denying the suppression motion, defendant never even acknowledged the court's reading of the case summary at arraignment. In determining whether to grant a hearing, a court may take into account what had been disclosed to the defendant at arraignment (*see People v Roberts,* 23 AD3d 245 [2005], *supra*). Nor, in his denial of participation in a drug transaction, did defendant address his postarrest admission contained in the VDF that he had sold the woman "a couple of pills."

Thus, viewed in the context of the People's detailed and comprehensive factual disclosure asserting that the police had observed him in his car, minutes before his arrest, accepting money from an unidentified woman in exchange for a small object, defendant's general denial that he had not participated in "a drug transaction at any time on" the day of his arrest, a

legal conclusion, raised no factual issue. The denial did not controvert the People's specific factual allegations, read aloud at arraignment, that provided the predicate for his arrest (*see People v Howell*, 2 AD3d 258, 259 [2003], *lv denied* 2 NY3d 800 [2004]; *People v Hernandez*, 283 AD2d 190 [2001], *lv denied* 97 NY2d 641 [2001] [generalized denial of criminal activity prior to arrest failed to address People's specific allegations]).

Nor did defendant's assertion of innocent activity at the time of arrest entitle him to a hearing since, as he must have known, with the benefit of counsel, the probable cause for his arrest derived not from his conduct at the time he was stopped, but rather from the police observation of him exchanging an unidentified object for money inside his car (*see People v Brown*, 24 AD3d 213, 214 [2005], *lv denied* 6 NY3d 774 [2006] [defendant's "innocent conduct at the time of his arrest did not address the specific information provided by the People concerning the basis for that arrest"]; *People v Santiago,* 289 AD2d 132 [2001], *lv denied* 97 NY2d 761 [2002]; *People v Soto,* 284 AD2d 158 [2001], *lv denied* 96 NY2d 924 [2001]).

Finally, defendant failed to explain or deny his statement, read aloud at arraignment, that he had sold "a couple of pills" to an unidentified woman, a statement that "on its face show[ed] probable cause for defendant's arrest" (*People v Lopez*, 5 NY3d 753, 754 [2005]; *see People v Kirk*, 27 AD3d 383, 384 [2006], *lv denied* 6 NY3d 895 [2006]). This statement alone, coupled with defendant's failure to controvert it, mandated denial of his suppression motion.

Since defendant's other issue on appeal, the excessiveness of his sentence, is also without merit, I would affirm the judgment.

MAZZARELLI, J.P., BUCKLEY and SWEENY, JJ., concur with ANDRIAS, J.; SULLIVAN, J., dissents in a separate opinion.