◼ CATHERINE YOUNKER et al., Appellants, v VILLAGE OF OSSINING et al., Respondents. [837 NYS2d 297]—

In an action, inter alia, for a judgment declaring Ossining Village Code § 250-29 invalid under Vehicle and Traffic Law § 1604, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), entered February 16, 2006, which denied that branch of their motion, which was, in effect, for summary judgment declaring that provision invalid, and, upon, in effect, searching the record, awarded partial summary judgment in favor of the defendants declaring Ossining Village Code § 250-29 valid.

Ordered that the order is affirmed, with costs.

The plaintiffs are the owner and tenant, respectively, of residential property located in the Village of Ossining. Pursuant to Ossining Village Code § 250-29 (hereinafter the ordinance), the tenant submitted a $35 nonrefundable application fee and applied for a hardship parking exemption that would allow him to park his motor vehicle on Village streets between the hours of 3:00 A.M. and 6:00 A.M., which is otherwise prohibited by the ordinance. The application form required the property owner to consent to an inspection of the property by Village Building Inspectors. The landlord consented to such an inspection, but the tenant was nevertheless denied a hardship parking exemption on the ground that there was an illegal apartment in the building and space for parking at the rear of building. Shortly thereafter, the landlord received a "Notice of and Order to Remedy Violation" stating that the property was in violation of the New York State Building and Fire Code because it contained an inadequate number of smoke detectors and because there were improper locks on bedroom doors preventing egress in the event of a fire.

The plaintiffs commenced this action, inter alia, for a judgment declaring the ordinance invalid under New York Vehicle and Traffic Law § 1604 because it, in effect, imposes a fee for the use of the public highways and because it discriminates against nonresidents of the Village and declaring unconstitutional the requirement in the hardship parking application form that the owner consent to a warrantless inspection of the premises in order for a hardship parking exemption application to be considered.

Contrary to the plaintiffs' contention, the Village Legislature's enactment of an ordinance prohibiting the parking of a vehicle on Village streets between the hours of 3:00 A.M. and 6:00 A.M. unless the owner or operator of the vehicle pays an application

fee, and applies for and obtains a hardship parking exemption, was a valid exercise of its power to restrict parking pursuant to Vehicle and Traffic Law § 1640 (a) (6). Further, the ordinance does not on its face discriminate against nonresidents of the Village (*cf. People v Speakerkits, Inc.*, 83 NY2d 814, 816 [1994]; *New York State Pub. Empls. Fedn., AFL-CIO v City of Albany*, 72 NY2d 96, 99-100 [1988]), as it prohibits both residents and nonresidents alike from parking vehicles on Village streets overnight, contains no requirement that an applicant for a hardship parking exemption be a resident, and specifically provides for temporary hardship parking exemptions obtainable from the desk officer of the Police Department (*see Matter of Woicik v Town of E. Hampton*, 207 AD2d 356, 357 [1994]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was, in effect, for summary judgment declaring the ordinance invalid, in effect, searched the record, and awarded partial summary judgment in favor of the defendants declaring the ordinance valid.

With regard to the plaintiffs' contention that the hardship parking application form is unconstitutional because it effectively forces a property owner to consent to a warrantless search of the premises, the plaintiffs failed to make a prima facie showing that the landlord would effectively be deprived of any economic benefit from her rental property if she refused to consent to a search of the premises (*cf. Sokolov v Village of Freeport*, 52 NY2d 341, 345-346 [1981]). Accordingly, the Supreme Court properly denied that branch of their motion which was for summary judgment declaring the application form unconstitutional. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.