■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE SAMUEL, Appellant. [839 NYS2d 806]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered June 30, 2003, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

As the People correctly concede, it was error to summarily deny that branch of the defendant's omnibus motion which was to suppress physical evidence without a hearing on the ground that the defendant could not demonstrate a legitimate expectation of privacy in the gun, which he claimed was not his, and which was recovered in a public place. Although a defendant seeking suppression of evidence has the burden of establishing standing by demonstrating a legitimate expectation of privacy in the premises or object searched (*see People v Burton,* 6 NY3d 584 [2006]; *People v Ramirez-Portoreal,* 88 NY2d 99, 108 [1996]), the defendant is entitled to rely on the People's proof to demonstrate standing (*see People v Burton, supra* at 588-589; *People v Whitfield,* 81 NY2d 904, 906 [1993]; *People v Bell,* 9 AD3d 492, 494 [2004]), including statements made by law enforcement officials (*see People v Gonzalez,* 68 NY2d 950, 951 [1986]).

Here, one of the arresting officers testified before the grand jury that the defendant had a gun in his pocket and threw it away after the officer approached him in the street. Thus, the defendant was entitled to rely on this testimony to establish standing, and the court should not have summarily denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Accordingly, the matter must be remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical evidence. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.