■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL OTERO, Appellant. [858 NYS2d 157]—

Appeal from judgment, Supreme Court, New York County

(Budd G. Goodman, J.), rendered October 6, 2005, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, held in abeyance, and the matter remanded for a hearing on defendant's suppression motion.

Although the court granted defendant a *Dunaway* hearing on the issue of whether an undercover officer's identification of defendant was the fruit of an unlawful seizure, it summarily denied defendant's motion to suppress physical evidence. As the People concede, defendant is entitled to a hearing on his motion to suppress money recovered from his person. However, contrary to the People's argument, we find that the hearing should also encompass defendant's motion to suppress evidence recovered from a jacket found on a windowsill in defendant's vicinity. Defendant's moving papers were sufficient to assert a reasonable expectation of privacy (*see People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996]) in the jacket, at least for pleading purposes. In any event, we note that the claim involving the jacket is "grounded in the same facts involving the same police witnesses" (*People v Mendoza*, 82 NY2d 415, 429 [1993]) as the claims regarding which defendant is undisputedly entitled to a hearing, and "given that CPL 710.60 (3) merely permits, but does not mandate summary denial, the interest of judicial economy militates in favor of the court's conducting a hearing on the [entire] suppression motion in the exercise of its discretion despite a perceived pleading deficiency" (*People v Rivera*, 42 AD3d 160, 161 [2007]). Concur—Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ.