[909 NYS2d 614]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v M. SANTULLI, LLC, Appellant.

Supreme Court, Appellate Term, Second Department, August 10, 2010

## APPEARANCES OF COUNSEL

*Reisman Peirez & Reisman LLP*, Garden City (*David Berg* of counsel), for appellant. *Karen M. Wilutis, Town Attorney*, Farmingville (*Jennifer Lutzer* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that so much of the order dated October 22, 2008 as denied the branch of defendant's omnibus motion seeking the suppression of evidence or, in the alternative, the holding of a suppression hearing, and the trial court's denial on the record of defendant's speedy trial motion, are vacated and the matter is remitted to the District Court for a suppression hearing to be followed by a determination of the branch of defendant's omnibus motion seeking the suppression of evidence, and for a report; and for a determination of defendant's speedy trial motion, and for a report. The appeal is held in abeyance in the interim. The reports shall be filed with all convenient speed.

Defendant was charged with, and convicted of, violating Brookhaven Town Code § 30-31 (maintenance of equipment). The case arose from an inspection by a fire marshal, on March 10, 2008, of rental premises owned by defendant. According to the accusatory instrument, the fire marshal "observed [that] the fire alarm panel located in the first floor common access corridor of the dwelling did not have any electrical power to it, thereby rendering the system inoperable."

Defendant filed an omnibus motion, one branch of which sought the suppression of all evidence obtained by means of the inspection on the ground that the inspection had been conducted in violation of the Fourth Amendment or, in the alternative, the holding of a *Mapp* hearing to determine whether the evidence should be suppressed. The District Court (Howard M. Bergson, J.) denied this branch of the motion on the ground that defendant lacked standing to challenge the fire marshal's actions.

The inspection by the fire marshal was an administrative search (*see Camara v Municipal Court of City & County of San*

*Francisco*, 387 US 523, 533 [1967]), and, as this court recently observed, "[i]t is well settled that administrative searches fall with[in] the purview of the Fourth Amendment" (*People v Castanza*, 24 Misc 3d 134[A], 2009 NY Slip Op 51416[U], *2 [App Term, 9th & 10th Jud Dists 2009]). Under the Fourth Amendment, "[s]tanding exists where a defendant was aggrieved by a search of a place or object in which he or she had a legitimate expectation of privacy" (*People v Burton*, 6 NY3d 584, 587 [2006]).

Defendant, as the object of the instant prosecution, was "aggrieved" (*id.*) by the search here (*see Sokolov v Village of Freeport*, 52 NY2d 341 [1981]; *cf. Younker v Village of Ossining*, 41 AD3d 470 [2007]). As for whether defendant had a "legitimate expectation of privacy" (*Burton* at 587), the District Court, in summarily denying the suppression branch of the motion on the ground that defendant lacked standing, relied on cases dealing with the lack of standing of an absentee landlord to challenge a search of a leased apartment (*People v Rosa*, NYLJ, June 11, 1996, at 33, col 3 [App Term, 9th & 10th Jud Dists 1996]), and the lack of authority of a landlord to consent to a search of a leased apartment (*Ker v California*, 374 US 23 [1963]; *Chapman v United States*, 365 US 610 [1961]). These cases are inapposite, because the search here was of a communal area, not a leased apartment (*see generally United States v Elliott*, 50 F3d 180, 186 [2d Cir 1995]). Under the particular circumstances here, we deem it appropriate to hold the appeal in abeyance and remand the matter for a hearing on the question of whether defendant had a "legitimate expectation of privacy" (*Burton* at 587) in the "place or object" (*id.*) searched—that is, in the area of the common corridor where the fire alarm panel was located, or in the fire alarm panel itself. In the interest of judicial economy, the hearing should also encompass the substantive merits of the suppression issue (*see generally People v Mendoza*, 82 NY2d 415, 429-430 [1993]).

With respect to defendant's speedy trial motion, the District Court (Stephen L. Ukeiley, J.) denied the motion, finding that it was untimely and improperly served. Contrary to the finding of the District Court, the motion was not untimely (*see* CPL 170.30 [1] [e]; [2]; 255.20 [1]; *People v Oliveri*, 46 AD3d 267 [2007]; *People v Gaillard*, 252 AD3d 357, 358 [1998]). Furthermore, the People do not argue on appeal that service was improper, and, under the circumstances, we decline to find that it was. The merits of the speedy trial motion are not properly before this

court in the current procedural posture of the case, however (*see* CPL 470.15 [1]; *People v LaFontaine*, 92 NY2d 470, 474 [1998]; *People v Bellissimo*, 25 Misc 3d 141[A], 2009 NY Slip Op 52463[U] [App Term, 9th & 10th Jud Dists 2009]). We therefore remit the case to the District Court for a determination on the merits of the speedy trial motion (*see People v Bellissimo*, 25 Misc 3d 141[A], 2009 NY Slip Op 52463[U] [2009]).

Accordingly, the appeal is held in abeyance and the matter is remitted to the District Court for a suppression hearing to be followed by a determination of the branch of defendant's omnibus motion seeking the suppression of evidence, and for a report, and a determination of defendant's speedy trial motion, and for a report.

We reach no other issue at this time.

TANENBAUM, J.P., and IANNACCI, J., concur; MOLIA, J., taking no part.