■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY RAY MITCHELL, Appellant. [981 NYS2d 417]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at summary denial of motion; Patricia M. Nunez, J., at plea and sentencing), rendered October 6, 2011, convicting defendant of identity theft in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Summary denial of defendant's suppression motion was proper. In light of the detailed allegations in the felony complaint available to defendant at the time of his motion, including that he had unsuccessfully used a credit card in three different stores, failed to produce identification or the PIN for the credit card, and made an apparently false claim at one store

that he would obtain identification from his car, defendant's broad and cursory denial of any attempt to make the three alleged purchases did not amount to sworn allegations of fact sufficient to support any ground for suppression, nor did they create any factual issue warranting a hearing (*see People v Burton*, 6 NY3d 584, 587 [2006]; *People v Mendoza*, 82 NY2d 415, 422 [1993]).

This case is distinguishable from *People v Rivera* (42 AD3d 160 [1st Dept 2007]) because in cases such as *Rivera*, the defendant had far more limited information at the motion stage (*see also People v Hightower*, 85 NY2d 988, 990 [1995]). Here the police cited numerous suspicious events, described above, to justify their actions. Defendant was thus required to specifically refute at least some of those allegations in order to create a factual issue requiring a hearing.

Contrary to defendant's assertions, the court did not mischaracterize or misunderstand the focus of the motion. Concur—Gonzalez, P.J., Tom, Friedman, Andrias and Saxe, JJ.