■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FRENCH, Appellant. [997 NYS2d 394]—

Appeal from judgment, Supreme Court, New York County (Patricia M. Nunez, J., at summary denial of suppression motion; Robert M. Stolz, J., at jury trial and sentencing), rendered December 8, 2010, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of eight years, held in abeyance, and the matter remanded for a hearing on defendant's motion to suppress identification testimony.

The court erred in summarily denying defendant's motion to suppress identification testimony as the product of an arrest without probable cause (*see People v Mendoza*, 82 NY2d 415 [1993]; *People v Rivera*, 42 AD3d 160 [1st Dept 2007]). While

defendant's allegation that he was not engaged in criminal conduct at the time of his arrest was insufficient, standing alone, to frame a factual issue warranting a hearing, defendant also alleged that he did not engage in illegal or criminal activity "at that time nor any time prior," that he did not "mak[e] any sale to any person that day," that he was not "involved in any drug sale" and that he did not "hav[e] a drug related conversation on that day with any person." Accordingly, defendant sufficiently denied the drug sale that was the basis for his arrest. Under the circumstances, this was enough to require a hearing (*see People v Hightower*, 85 NY2d 988 [1995]; *People v Rivera*, 42 AD3d at 163). Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ.