People v Johnson (2020 NY Slip Op 01244)





People v Johnson


2020 NY Slip Op 01244


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11065 3336/16

[*1] The People of the State of New York, Respondent,
v Dashawn Johnson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kyle R. Silverstein of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Marc J. Whiten, J. at suppression motion; Armando Montano, J. at plea and sentencing), rendered May 17, 2018, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of three years, unanimously affirmed.
Initially, we find that defendant made a valid waiver of his right to appeal (see People v Thomas, ___ NY3d ___, 2019 NY Slip Op 08545 [2019]).
Further, we find that the motion court properly denied defendant's suppression motion, without granting a hearing. Defendant did not sufficiently allege that he had standing to challenge the police seizure of a pistol and a revolver that, according to the felony complaint, were recovered from the ground. In his vague motion papers, defendant did not allege, even by reference to the felony complaint (see People v Burton, 6 NY3d 584, 587 [2006]), that the weapons at issue were recovered from his person, or under any other specified circumstances that violated his reasonable expectation of privacy. Defendant had ample information, including facts of his own presumed knowledge and facts stated in the People's opposition, from which he could have made sufficient allegations. While a defendant may rely on the prosecution's proof to establish standing, "[a] defendant must additionally assert that the search was not legally justified and there must be sufficient factual allegations to support that contention" (Burton at 591). Defendant failed to assert any factual allegations connecting him to the recovered weapons.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK