People v McCoy (2022 NY Slip Op 05932)

People v McCoy

2022 NY Slip Op 05932

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Ind No. 1926/17 Appeal No. 16492 Case No. 2019-05269 

[*1]The People of the State of New York, Respondent,
v
Samuel McCoy, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca D. Martin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J. at motions; Barry E. Warhit, J. at plea; Steven M. Statsinger, J. at sentencing), rendered August 5, 2019, as amended September 20, 2019, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claims. The court's oral colloquy avoided conflating the right to appeal with the rights normally forfeited upon a guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]). The record of the plea proceeding, along with the detailed written waiver that defendant reviewed with counsel, established that defendant understood the nature of the rights being waived (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The record does not support defendant's assertion that the court initiated the condition of an appeal waiver. The plea minutes show that the People requested that defendant waive his right to appeal and agreed to not prosecute defendant for alleged witness tampering. Such a promise could not be made by the court. We reject defendant's argument that the court failed to act as a neutral arbiter (see People v Dilworth, 189 AD3d 636, 637 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]).
Regardless of whether defendant made a valid appeal waiver, we find that the court's summary denial, on the ground of lack of standing, of defendant's suppression motion was correct (see CPL 760.10[3]; People v Burton, 6 NY3d 584, 587 [2006]; People v Wesley, 73 NY2d 351, 359 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022